UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIE WALKER,

                Petitioner,

  -vs-

JAMES CONWAY,

                Respondent.
_____

**ORDER**
No. 04-CV-6056L(VEB)

On or about January 27, 2004, Willie Walker ("Petitioner") filed a petition pursuant to 28 U.S.C. § 2254 challenging his conviction in state court. *See* Petition (Docket No. 1). This matter has been referred to the undersigned for the issuance of a Report and Recommendation on Petitioner's petition, and for decisions on all non-dispositive motions. *See* Order dated October 17, 2006 (Docket No. 16).

Presently before the Court is Petitioner's Motion (Docket No. 11) to augment the state court record relevant to the disposition of his habeas petition by including certain exhibits that he filed in support of his supplemental appellate brief on direct appeal. Petitioner alleges that Respondent failed to include them when he filed his answer and exhibits to the Petition. *See* Petitioner's Motion (Docket No. 11) at 1-3. Respondent has opposed Petitioner's eleven-page motion (including the proposed documents to the state court record), arguing only that "attachments numbered three, four and five of his motion" should not be permitted to be added as they were not part of the state court record and the request is 'inexcusably dilatory and a deliberate attempt to delay' a decision in this matter." Respondent's Affidavit (Docket No. 12) (quoting *Singleton v. Thigpen*, 806 F. Supp. 936, 945 (S.D. Ala. 1992)).

In his Motion (Docket No. 11), the documents which Petitioner claims were omitted by Respondent are as follows:

- "Attachment #1" – Pro-Se Appendix Table of Contents (1 page);

- "Attachment #2" – portion of *pro se* brief titled "POLICE MISCONDUCT" (2 pages);

- "Attachment #3" – a document from the Special Deputy Secretary of State indicating that Mark Lauber (apparently a detective involved in Petitioner's arrest) was commissioned as a Notary Public from 1/1/95 through 3/19/99);

- "Attachment #4" – the cover letter enclosing Attachment 3;

- "Attachment #5" – an envelope sent by Petitioner to a person named Darin Grant on 2/13/06.

Beyond asserting that Petitioner is being dilatory, Respondent does not address whether the allegedly omitted items are actually included in the state court records he submitted and provides no argument countering Petitioner's assertions. Accordingly, the Court finds that in the interest of efficiency and judicial economy, that Attachments 1 through 5 are hereby added to the state court record in this matter. The Court finds that it will not be an undue burden for it and Respondent to review and documents in addition to those already submitted.

Petitioner has also submitted a Reply (Docket No. 15) to Respondent's Affidavit attaching several more documents that he asserts should have been submitted by Respondent:

- "Exhibit - 1" – The Memorandum and Order filed October 29, 2002, by Erie County Court denying Petitioner's Motion to Vacate the Judgment pursuant to New York Criminal Procedure Law § 440.10 ("the C.P.L. § 440.10 motion");

- Exhibit - 2" – Letter from Oliver Young ("Young"), Esq., Court Attorney for New York State Supreme Court Chambers in Buffalo to the Erie County District Attorney ("the District Attorney") regarding the C.P.L. § 440.10 motion;

- "Exhibit - 3" – Letter from Young to Petitioner regarding the C.P.L. § 440.10 motion;

- "Exhibit - 4" – Letter from Young to the District Attorney regarding the C.P.L. § 440.10 motion;

- "Exhibit - 5" – Letter from Young to the District Attorney regarding the C.P.L. § 440.10 motion;

- "Exhibit - 6" – Letter from City of Buffalo Police Department to Petitioner regarding his letter concerning an error in an Order addressing a FOIL response by Petitioner; and

- "Exhibit - 7" – Order granting Petitioner's FOIL request.

Respondent has not addressed the contention's in Petitioner's Reply (Docket No. 15). As to Exhibit 1, the Court presumes that Respondent included this exhibit as part of the relevant state court records, but to the extent it was not included, it is added therein. As to Exhibits 2 through 5, Petitioner speculates without any support "someone other than the preside justice made the decision" on his C.P.L. § 440.10 motion. *See* Reply at 3 (Docket No. 15). The Court rejects this as pure speculation and therefore rejects Petitioner's request to add these letters, which are purely administrative and have no bearing whatsoever on the disposition of his habeas petition. Finally, as to Exhibits 6 and 7, the Court presumes that Respondent included these as part of the relevant state court records, but to the extent they were not included, they are added therein. The Court finds that it will not be an undue burden for Respondent to review and documents in addition to those already submitted.

Accordingly, Petitioner's Motion to Expand the State Court Record (**Docket Nos. 11 and 15**) is **GRANTED** to the extent that **Attachments 1 through 5 to Docket No. 11** are **ADDED** to the state court record in this matter and **GRANTED** to the extent that **Attachments 1, 6, and 7 to Docket No. 15** are **ADDED** to the state court record in this matter. Petitioner's Motion (Docket Nos. 11 and 15) is **DENIED** with respect to **Attachments 2 through 5 to Docket No.**

**15**, which **ARE NOT ADDED** to the state court record in this matter. No further requests by Petitioner to expand the record shall be entertained by this Court without a showing of good cause.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:   April 12, 2007
         Rochester, New York.