UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIE WALKER,

                                        Petitioner,

                                                           DECISION AND ORDER

                                                           04-CV-6056L

                    v.

JAMES CONWAY,

                                        Respondent.

_____


        Petitioner, Willie Walker ("Walker"), filed a *pro se* petition for a writ of habeas corpus,

pursuant to 28 U.S.C. § 2254 challenging his conviction in Erie Supreme Court of first degree assault

and third degree criminal possession of a weapon.  Walker was sentenced as a persistent felony

offender to 20 years to life on the assault conviction.

        On direct appeal, the Appellate Division, Fourth Department, unanimously affirmed the

conviction, *People v. Walker,* 275 A.D.2d 1009 (2000).  Thereafter, Walker moved to vacate the

judgment of conviction pursuant to N.Y.C.P.L. § 440.10.  The petition was denied in all respects,

and leave to appeal to the Appellate Division was also denied.

        Walker now sets forth numerous claims in his habeas corpus petition in this Court.  This

Court referred the petition to United States Judge  Magistrate Judge Victor E.  Bianchini, pursuant

to 28 U.S.C. § 636(b) for a Report and Recommendation.   Magistrate Judge Bianchini considered the petition and the supporting documentation and issued a lengthy, detailed 97-page Report and Recommendation, recommending that the petition be dismissed.  (Dkt. # 20).  Walker duly filed objections to the Report and Recommendation (Dkt. # 23).

DISCUSSION

A.   Facts

Magistrate Judge Bianchini covered the facts supporting the conviction in exhaustive detail in the Report (pp. 2-15).  Nothing need be added by this Court to that summary.  In sum, the evidence, viewed in the light most favorable to the prosecution, demonstrated that during an altercation, Walker repeatedly stabbed an acquaintance, multiple times in the back, left hand and face.  I see no basis to modify or change any of the factual summary set forth by Magistrate Judge Bianchini.

B.  Standards Concerning Review of Habeas Corpus Petitions

Magistrate Judge Bianchini also carefully set forth the standards for granting habeas corpus relief subsequent to the 1996 Enactment of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") and the Amendments to 28 U.S.C. § 2254.

Habeas relief may not be granted unless the state court's decision and rulings were contrary to, or constituted an unreasonable application of, clearly established federal law as determined by the United States Supreme Court.  The statute has significantly limited the power of federal courts

to grant habeas corpus relief.  Magistrate Judge Bianchini also set forth the general requirements for exhaustion of claims and considerations of whether the state courts denied relief based on an adequate and independent state ground.

C.  Petitioner's Claims

    1.  Police Misconduct

    Walker sets forth a spate of matters which he claims constitute so-called police misconduct. Magistrate Judge Bianchini discussed these issues both procedurally and substantively (p. 23-31). Although Magistrate Judge Bianchini did not so rule, there certainly appears to be a basis that the state court denied relief based on an independent and adequate state remedy.  The Magistrate Judge decided to address the merits of Walker's claims.  I agree with Magistrate Judge Bianchini's assessment that under any standard of review, "Walker's claim of police misconduct is plainly insufficient to provide a basis for habeas corpus relief."  (P. 27).  Much of what Walker alleges constitutes nothing more than pure speculation and largely irrelevant matters relating to his trial and conviction.  I agree with Magistrate Judge Bianchini that there is no basis for habeas corpus relief on these matters.

    2. Prosecutorial Misconduct

    The Magistrate Judge noted that the Appellate Division rejected Walker's claims of prosecutorial misconduct, on direct appeal, since they were not preserved by making a timely objection at trial as required by N.Y. C.P.L.R. § 470.05(2).  Magistrate Judge Bianchini concluded,

correctly so, that this holding represents an adequate and independent state ground barring further habeas corpus review. As the Magistrate Judge noted, New York courts demand strict compliance and enforce this contemporaneous objection rule.

Furthermore, I agree with Magistrate Judge Bianchini that Walker has not alleged or proven sufficient cause to excuse the procedural default before the trial court. Magistrate Judge Bianchini discusses at length the substance of some of the so-called prosecutorial misconduct at p. 35-41. Although no such finding need have been made, Magistrate Judge Bianchini determined that none of the allegations constituted misconduct warranting relief. I agree.

3. Violation of the Prosecutor's *Brady* Obligations

These claims were never raised before the state court on direct appeal or in collateral proceedings and, therefore, are unexhausted. New York's procedural rules would clearly bar Walker from raising these claims now before the New York Courts. Although Walker clearly does not have an remedy in state court, that does not require that this Court consider the merits of his habeas claim. Walker must demonstrate cause for the obvious procedural default in state court and prejudice resulting from that default before this Court need even consider the merits of the claim. Walker has failed to demonstrate any cause or prejudice and, therefore, I agree with Magistrate Judge Bianchini that this claim should be dismissed.

Magistrate Judge Bianchini also recommended that, on the merits, the *Brady* claim lacks any merit whatsoever. I agree. Magistrate Judge Bianchini discusses the alleged *Brady* violations at p. 43-51, and I agree with his analysis that no *Brady* violation has been demonstrated in any respect.

4.  *Miranda* Violation

Once again, Walker failed to raise this claim before the trial court and, for this reason, the Appellate Division rejected the claim has unpreserved for review under the contemporaneous objection rule, C.P.L.R. 470.05(2).  This decision by the state court, in my judgment, provides an adequate basis for a federal court to deny habeas corpus review.

Magistrate Judge Bianchini, though, did not rely on that basis alone but did consider the merits of the claim.  Magistrate Judge Bianchini carefully reviewed the evidence surrounding the taking of the statement from Walker at the hospital immediately after the assault.  Magistrate Judge Bianchini found, and I agree, that at the time of the questioning Walker was not "in custody" and, therefore, no *Miranda* warnings need be given.  Additional statements were made, at a later time, but Magistrate Judge Bianchini found that the evidence clearly established that the interrogating officer did read *Miranda* warnings to Walker and that he knowingly waived his rights and agreed to speak to the police.  Walker never indicated that he requested an attorney and never denied that he initialed the *Miranda* card as the police had testified.  There is no basis for habeas relief here.

5.  Erroneous Instructions

Walker raises errors concerning the charge on the defense of justification.  Magistrate Judge Bianchini noted that the Appellate Division also rejected this claim because it had not been raised at trial.  Once again, the state decision constitutes an "adequate and independent" state ground for denial of the claim, thereby precluding habeas corpus relief.  Once again, Walker has also failed to demonstrate cause for failing to object and manifest prejudice.  He has failed to do so.

After discussing issues of procedural default, Magistrate Judge Bianchini determined, in addition to the procedural bar, that on the merits the charge on justification given by the trial court was proper.  In light of that, Walker cannot demonstrate prejudice from the alleged failure to object. Walker contends that trial counsel was ineffective for failing to make the objection, but in light of the Appellate Division's decision that the instruction was proper, as a matter of state law, Walker has not been harmed in any way.

The state court determined that the instruction was proper but even if this Court should determine that there was some state law violation, that would not constitute a federal constitutional violation which is required before any habeas corpus relief could be granted.  Magistrate Judge Bianchini discussed the issues surrounding the justification instruction and other alleged errors in the jury instructions, and I agree with him that there is no basis, either separately or taken together, for granting habeas corpus relief.  No constitutional violation has been demonstrated.


6.  Ineffective Assistance of Trial Counsel

As Magistrate Judge Bianchini noted, Walker sets forth a lengthy list of errors by trial counsel which  he claims constitute ineffective assistance of counsel.  Magistrate Judge Bianchini sets out the applicable standards for evaluating ineffective assistance claims under the Supreme Court's *Strickland v. Washington,* 466 U.S. 668 (1984) test.  Walker must demonstrate that counsel's representation fell below an objective standard of reasonableness and that the defendant was prejudiced by that deficient performance.  Prejudice must be such that because of counsel's errors, there is a probability that the result of the proceeding would have been different.  Although Walker's appellate counsel did not raise the ineffective assistance of counsel claims on appeal, Walker did so in a *pro se* filing before the Appellate Division.

Magistrate Judge Bianchini discussed several alleged claims that he found barred because there was a sufficient record on direct appeal to raise those claims and, Walker's failure to do so, constitutes a default for purposes of federal habeas corpus review.  Walker has failed to meet the "cause" and "prejudice" test for consideration here.

Magistrate Judge Bianchini discusses some of the other alleged errors of counsel and found either that no such error occurred, or that the matters to be challenged were without basis, even had an objection been properly lodged.  I agree with Magistrate Judge Bianchini's discussion of all the alleged errors and agree with him that none of them, whether considered separately or collectively, warrant a finding a ineffective assistance of counsel in light of the procedural posture of the case.

CONCLUSION

I have reviewed the record, Magistrate Judge Victor E. Bianchini's thorough Report and Recommendation and the objections filed by petitioner Willie Walker.  I accept and adopt the Report and Recommendation in its entirety.  I see no reason to modify or reverse any finding made by Magistrate Judge Bianchini.

The petition of Willie Walker for habeas corpus relief is in all respects dismissed.

I  decline to issue a certificate of appealability because Willie Walker  has failed to make a substantial showing of the denial of a constitutional violation.  28 U.S.C. § 2253(c).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
          October 12, 2007.